IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              FORT WORTH DIVISION

ALLEN LEE POLK,                     §
                                    §
VS.                                 §   CIVIL ACTION NO.4:08-CV-437-Y
                                    §
                                    §
THERON BOWMAN, Chief of Police,     §
City of Arlington, Texas            §

    OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§
         1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

     This case is before the Court for review of pro-se plaintiff and inmate Allen Lee Polk's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Polk's claims are set forth on a civil-rights complaint form, along with several attachments. Polk has named as defendant Theron Bowman, police chief, City of Arlington, Texas. (Compl. Style; § IV(B).) Polk alleges that he was the victim of being struck, run over, and left for "dead" by a drunk driver on September 6, 2007, in Arlington, Texas. (Compl. § V, attachment pages I.) Polk contends that although he has made several contacts with Theron Bowman and others within the City of Arlington police department about the investigation and arrest of the person that hit him, on numerous different occasions, no arrest has yet been made. (Compl. § V, attachment page I-II.) Polk alleges that he has not been given "proper service by law," due to the negligence of Bowman. (Compl. §§ IV(B), attachment pages I-II.) Polk seeks 225 million dollars for "mental anguish, pain and suffering, and emotional stress . . .." (Compl. § V, attachment page I-II.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint and attachments under these standards, the Court concludes that Plaintiff's claims must be dismissed.

In order to assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[6] Polk has not cited any constitutional violation. The Court assumes his allegation that he was not given proper service by law is a claim of violation of his right to due process of law. The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."[7] Although Polk certainly recites severe injury from being struck by the drunk driver, that injury is not what Polk complains of here, and the person that stuck him is not a party to this case.[8] Otherwise, Polk has not stated how the alleged delay by Bowman in investigating and pursuing any charges against the drunk driver has deprived him of anything. Thus, the Court concludes that Polk has not alleged a constitutional violation.

Furthermore, even to the extent Polk could be said to have stated a claim, he has not alleged facts to support any claim that Bowman acted with the requisite state of mind. Polk repeatedly alleges that Bowman acted with negligence towards him. But

---

[6] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993).

[7] U.S. CONST. amend. XIV § 1.

[8] From Polk's allegations, the drunk driver does not appear to be a government employee, or have otherwise acted under color of law.

negligence is not actionable under the Constitution.[9]  Thus, Polk has failed to state a claim for relief under 42 U.S.C. § 1983 for this alternative reason.

As a part of the PLRA, Congress also placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[10] The United States Court of Appeals for the Fifth Circuit has held that "[s]ection 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."[11] It is also now established law that a plaintiff must recite that he suffered more than a *de minimis* physical injury.[12] Polk has not stated any physical injury as a result of the alleged actions in this complaint. Thus, Polk's right to recovery

---

[9]See *Daniels v. Williams,* 474 U.S. 327, 328 (1986)(recognizing that injuries inflicted by government negligence are not addressed by the United States Constitution).

[10]42 U.S.C.A. 1997e(e)(West 2003).

[11]*Geiger v. Jones,* 404 F.3d 371, 375 (5th Cir. 2005).

[12] See *Gomez v. Chandler,* 163 F.3d 921, 924 (5th Cir. 1999)("for purposes of Eighth Amendment excessive-force claims--as well as for purposes of section 1997e(e)--'the injury must be more than de minimis, but need not be significant.'")(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)(noting that [the plaintiff's] alleged injury of a sore, bruised ear lasting for three days-- was de minimis)); *see also Luong v. Hatt,* 979 F.Supp. 481, 486 (N.D.Tex. 1997)(noting that a sore muscle, aching back, scratch, abrasion or bruise, which lasts up to two or three weeks, is not the kind of physical injury within the parameters of 1997e(e)).

4

of compensatory damages for mental and emotional harm is barred under 42 U.S.C. § 1997e(e), and such claims must be dismissed for this additional reason.

Therefore, all of plaintiff Allen Lee Polk's claims in this action are DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED November 18, 2008.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE